United States District Court
for the
Southern District of Florida

| Grace Abuchaibe, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 17-21176-Civ-Scola |
| | ) | |
| Seaway Biltmore, Inc., Defendant. | ) | |

**Order on Motion to Remand**

This matter is before the Court on the Plaintiff Grace Abuchaibe's motion to remand (ECF NO. 11). Abuchaibe filed a complaint in state court, which was served on the Defendants on March 3, 2017, alleging a common law breach of contract claim and an unlawful retaliation claim pursuant to both 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 2601 *et seq.* The Defendants properly removed the complaint on March 30, 2017, and immediately moved to dismiss the complaint. As was her right under Rule 15(a)(1)(b) of the Federal Rules of Civil Procedure, Abuchaibe filed an amended complaint, in which she eliminated her federal claims. Naturally, her motion to remand followed shortly thereafter. The Defendants oppose remand because, in summary, federal courts "carry [more] weight" and have more resources than state courts. (Resp. at 2, ECF No. 12.) Further, in anticipation of remand, the Defendants ask this Court to reserve jurisdiction to determine attorney's fees and costs related to the federal claim. (*Id.*)

Certainly, at the time of removal, this Court had original jurisdiction over Abuchaibe's federal claim and supplemental jurisdiction over her state claim. 28 U.S.C. §1331, *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966). Further, "later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction." *Pintando v. Miami-Dade Hous. Agency,* 501 F.3d 1241, 1244 (11th Cir. 2007). Even so, a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). District courts have full discretion "to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988).

Under the circumstances here, where this case is still in its very early stages and only one state common law claim remains, the Court will not continue to exercise its discretionary jurisdiction over that state-law claim. *See also Baggett v. First Nat. Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir.

1997) ("State courts, not federal courts, should be the final arbiters of state law."). In reaching this decision, the Court is not unmindful that ostensible forum manipulation undergirds Abuchaibe's motion to remand. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("[R]emoval cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment."). But in Florida, "court[s] always should remember that a strong presumption favors the plaintiff's choice of forum." *Kinney Sys., Inc. v. Cont'l Ins. Co.*, 674 So. 2d 86, 91 (Fla. 1996); *see also Cortez v. Palace Resorts, Inc.*, 123 So. 3d 1085, 1092–93 (Fla. 2013) ("[T]he assumption [underlying that presumption] is that there is in fact a more convenient forum to litigate the dispute, but that the plaintiff selected the chosen forum to gain a strategic advantage.").

Undoubtedly, if Abuchaibe believed some strategic advantage existed in state court then she should not have alleged a claim arising under federal law. The Court will not retain jurisdiction, however, to determine fees and costs related to removal. The Defendants are free to explore state remedies for Abuchaibe's litigation conduct, and the state court may determine the appropriateness of any such remedies.

Accordingly, the Court **grants** Abuchaibe's motion to remand (**ECF No. 11**). The Court **remands** Abuchaibe's remaining claim to state court, from where this case originated. The Clerk shall **close** this matter, and take all necessary steps to ensure the prompt remand of this action and transfer this file back to the Circuit Court for the Eleventh Judicial Circuit of Florida in and for Miami-Dade County. All pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on May 17, 2017.

_____
Robert N. Scola, Jr.
United States District Judge